**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JIM TULLY,

        Plaintiff,

vs.    Case No. 3:14-cv-384-J-32JRK

CREDIT CONTROL, LLC,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**[1]

This cause is before the Court sua sponte. Plaintiff initiated this action by filing a Complaint (Doc. No. 1) on April 4, 2014. After perfecting service on Defendant (Doc. No. 4) and Defendant failing to timely appear in this case, Plaintiff moved for entry of a clerk's default (Doc. No. 5), and a Clerk's Default (Doc. No. 6) was entered on July 25, 2014. On September 3, 2014, Plaintiff filed a Motion for Entry of Default Judgment (Doc. No. 7; "Motion"). On September 29, 2014, an Order (Doc. No. 8) was entered taking the Motion under advisement and directing Defendant to file a response. To date, Defendant has failed to file a response to the Motion or otherwise appear in this case.

Nevertheless, in reviewing the Motion it became apparent that venue was not appropriate in the Jacksonville Division of the Middle District of Florida. Accordingly, on December 31, 2014, an Order to Show Cause (Doc. No. 9) was entered, directing Plaintiff to

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida ("Local Rule(s)"), within fourteen (14) days after service of this document. Failure to file timely objections waives a party's right to de novo review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a); see also Dupree v. Warden, 715 F.3d 1295, 1300 (11th Cir. 2013).

file a show cause response explaining why this cause should not be transferred to the Tampa Division of the Middle District of Florida.  On January 16, 2015, Plaintiff filed a Response to Order to Show Cause (Doc. No. 10), in which Plaintiff acknowledges that this case was inadvertently filed in the Jacksonville Division rather than in the Tampa Division.  Plaintiff asks the Court, however, to decline to transfer this case because "Plaintiff has already filed a Motion for Entry of Default Judgment which is pending . . . and declining to transfer this case will avoid unnecessary costs and delay, and promote efficiency and judicial economy."  Id.

Local Rule 1.02(c), United States District Court, Middle District of Florida ("Local Rule(s)") requires that "[a]ll civil proceedings of any kind shall be instituted in that Division encompassing the county or counties having the greatest nexus with the cause, giving due regard to the place where the claim arose and the residence or principal place of business of the parties."  Pursuant to Local Rule 1.02(e), "[t]he Court may, within its discretion, or upon good cause shown by any interested party, order that any case, civil or criminal, be transferred from one Division to any other Division for trial[.]"  See also 28 U.S.C. § 1406(a) (stating that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought").

Upon review, the undersigned recommends that this case be transferred to the Tampa Division, that is the Division with the "greatest nexus with the cause."  Local Rule 1.02(c).  Plaintiff will not incur any additional costs, as the case will be transferred electronically and the Motion will remain pending.

Accordingly, it is

**RECOMMENDED**:

1.	That this case be transferred to the Tampa Division of the Middle District of Florida; and

2.	That the Clerk thereafter close this file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on January 28, 2015.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

jlk
Copies to:

Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record

Credit Control, LLC
5757 Phantom Dr.
Ste. 330
Hazelwood, MO 63042

Credit Control
4902 Eisenhower Blvd.
Ste. 155
Tampa, FL 33634